**SO ORDERED.**

**SIGNED this 13 day of August, 2007.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. |
| MICHAEL A. BROWN | 06-02661-8-RDD |
| TAMMY L. BROWN | |
| DEBTORS | |

**ORDER ALLOWING MOTION FOR SANCTIONS**

The matter before the court is the debtors' motion for sanctions against Broadmore Ventures, LLC a/k/a/ PD6 Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC for violations of the automatic stay. A hearing was held in Wilson, North Carolina on July 17, 2007.

The debtors filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on August 30, 2006. In Schedule F of their petition, the debtors listed Broadmore Ventures as a creditor holding an unsecured, non-priority claim in the amount of $345.00. Counsel for the debtors explained that this was a loan taken through an offering online.

Mr. Brown testified that, beginning in October 2006 and continuing through May 2007, the debtors received more than twenty emails from representatives of PD6 Ventures/Express Cash ("PD6") and Westbury Ventures ("Westbury"), both affiliates of Broadmore Ventures, attempting to collect the

balance owed on the loan made by Broadmore Ventures. Debtors' Exhibits A, D, F, H, J, L, and M. The emails included offers to settle the account balance. The emails became increasingly threatening. One email, dated March 26, 2007 included the following language:

> I've offered settlement offers, and payment arrangements but you still REFUSE to resolve this voluntarily. Which leads me to the conclusion that you would rather handle this action with Legal Action? This is Fine, but will cost you more money in the end. I will be forwarding your account info to your District Attorney by 3pm CST today. I'm not threatening you or trying to scare you, but I must do my job, and that's Recovering the Debt. IF you want to resolve this matter correctly than contact me with you payment info IMMEDIATELY.

Debtors' Exhibit L. This same language was used in an email to the debtors sent on May 2, 2007. Debtors' Exhibit M. Another email, dated April 5, 2007 with a subject line entitled "FINAL WARNING regarding your delinquent loan," acknowledges the numerous contacts with the debtor: "We have contacted you various times in various ways . . . ." Debtors' Exhibit M. An email dated April 26, 2007 included the following language:

> This action will lead to a significant jump in the amount you owe plus further collection action will proceed swiftly. This is NOT a threat or any intention to cause financial harm but my job must be completed. If you truly want to resolve this matter in a cultured manner, then contact me with your payment information today.

Debtors' Exhibit M. Most emails were accompanied with an authorization form allowing Westbury to deduct money from the debtors' checking account in order to satisfy the amount due. Debtors' Exhibit J.

Mr. Brown testified that he responded to only one email sent. On October 31, 2006, Mr. Brown responded to an email sent by Nikki Elkins, identified as a Debt Reconciliation Consultant, with the question, "are you the same as broad more ventures?" Ms. Elkins responded, "Yes, I looked up your account and see that there was a Chapter 13 filed. We got the information now that we need is there any thing I can do for you?" Debtors' Exhibit B. Upon receiving the emails from PD6 and Westbury, Mr. Brown forwarded copies to his attorney, Mr. J. Allen Murphy. Mr. Murphy responded to the emails, via email, fax and/or letter, explaining that the Browns had filed for bankruptcy and explaining that the

2

automatic stay was in effect. Mr. Murphy sent numerous letters to Westbury to this effect. Debtors' Exhibits C, E, G, I, and K. The first letter was sent on November 8, 2006. In a letter dated March 14, 2007, Mr. Murphy finally notified Ms. Marquitta Lowe, representative of Westbury, to remove his clients from all mailing/faxing/emailing lists and that the next step would be to file a motion for sanctions. Debtors' Exhibit K. However, the emails continued.

Mr. Brown testified that he became quite concerned and worried about the collection efforts of PD6 and Westbury. After the emails threatening criminal action, he was unable to sleep for fear of being arrested. Mr. Brown was out of work for one day for the hearing of this motion and suffered lost wages.

Local Rule 9011-3 allows the court to consider whether a moving party notified the offending party of its violation of the automatic stay and gave the offending party an opportunity to cure its violation prior to filing for sanctions. In this case, Mr. Murphy sent at least five letters notifying PD6 and Westbury of their violations, the last of which also notified them that a motion for sanctions would be filed if they failed to cease correspondence with the debtors. Only after the motion was filed did the emails cease. In the case of In re Armstrong, 96 B.R. 55 (Bankr. E.D.N.C. 1989), the court states:

> It has been held that a violation of the automatic stay is willful where the creditor knows of the debtor's bankruptcy and intentionally engages in acts later found to violate the stay. If a creditor is uncertain about the scope of the automatic stay, he takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court.

(Citations omitted).

Based on the foregoing, it appears that representatives seeking to collect on the loan made by Broadmore Ventures were aware of the debtors' bankruptcy filing as of October 31, 2006, at the latest, as indicated in Ms. Elkins email reference to the chapter 13 filing. Yet, they continued to send malicious and threatening emails to the debtors. In response to the emails, they were notified by counsel for the debtors of the imposition of the automatic stay and were duly requested to cease collection efforts. However, the emails continued. Even after counsel notified Broadmore Ventures, LLC a/k/a/ PD6

Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC of the debtors' intent to file a motion for sanctions should the violations continue, the emails did not cease. From October 2006 through May 2007, Broadmore Ventures, LLC a/k/a/ PD6 Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC sent 21 emails to the debtors attempting to collect the debt. Twenty were sent after counsel for the debtors made his first request for Broadmore Ventures, LLC a/k/a/ PD6 Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC to cease. Debtors' Exhibits A through M. The volume of continued emails is especially disturbing, especially after PD6, in an email dated October 31, 2006, acknowledged that the debtor had filed a chapter 13 bankruptcy. The court finds that the violations of the automatic stay committed by Broadmore Ventures, LLC a/k/a/ PD6 Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC were willful, egregious, and exhibited a reckless, intentional and wanton disregard of the law. These violations require an appropriate punitive sanction. Therefore, the debtors' motion for sanctions, pursuant to 11 U.S.C. § 362(k) is **ALLOWED**. The debtors are awarded actual damages in the amount of $500.00 and punitive damages in the amount of $10,000.00. Mr. Murphy, as counsel for the debtors, is awarded attorney fees in the amount of $2,000.00. These sanctions are to be paid by Broadmore Ventures, LLC a/k/a/ PD6 Ventures, LLC a/k/a Express Cash, LLC a/k/a Westbury Ventures, LLC to the appropriate parties within 10 days of the entry of this order.

**SO ORDERED**.

**END OF DOCUMENT**